Good morning. May it please the Court, my name is Aaron Ryan and I represent the plaintiff appellants in this case. I'd like to go ahead and reserve three minutes for rebuttal if I could. As counsel before me said, I'm not going to bore this Court with a rendition of the facts. I'm sure this Court is aware of what this case is about. I will say this, despite what the Stratosphere has said, this case is about the Stratosphere and the Stratosphere's decision to begin charging a mandatory $5 per night resort fee, which was not included in the advertised room rate at their hotel. Now, how does Stratosphere control the advertising at hotels.com? The Stratosphere controls the advertising because the Stratosphere is the entity that set in place the procedure of excluding the resort fee from the advertised price. Right. So then they send an addendum to the contract that says, we're adding a resort fee, please tell your customers. Well, as far as I'm concerned, unless the Stratosphere says, we're adding a resort fee and we're including that resort fee in the advertised rate, so please advertise our rooms at $30 per night instead of $25 per night, and then, by the way, two lines down, say, in small print, say there's a $5 per night resort fee, I'd say that the Stratosphere is still responsible for that. And that's really what this case is about. You know, the defendant has said repeatedly, you know, you should go sue hotels.com. Well, if I went and sued hotels.com, they'd be in here doing the exact same thing that the Stratosphere is doing, which is, hey, we're not the proper parties here. This wasn't our decision. We're not the ones that decided to charge this, to use the words of one of Stratosphere's own guests, sleazy resort fee that's excluded from the advertised rate. That was the Stratosphere that did that. And more importantly, we don't have these people's money. It was the Stratosphere that has it. But hotels.com, regardless of whether it's small print or big print, said to the consumer, there's a resort fee of $5.00. Hasn't it satisfied its obligation to truthfully communicate what the rate is? No. Not in my opinion and not in the opinion of my expert in this case. And your best case is what? I'm sorry? Your best case for that proposition is what? I guess the language of the statute itself. And unfortunately, there's not a whole lot of established case law specific to this issue. You know, somebody charging a man is supposed to be charged. I think your answer is there's no case. Right. No case directly on point? Right. That's correct, Your Honor. There are no cases directly on point. But you said the plain language of the statute was sufficient. In my opinion, yes. And you're talking about 41,600? Yes, as well as 598.0915, which is incorporated within 41,600. Now, I think that the case – And which language did you have in mind? Specifically, the words disseminate and misleading, which taken together make it a violation of the statute. What's disseminating or misleading if when you go into the stratosphere, they hand you a sheet and says, we're telling you we're going to collect another $5 as a resort fee. When you finish that, please sign this to acknowledge that you understand that. What's deceptive or misleading about that? What's deceptive or misleading about that is you've already traveled hundreds of miles. Right. On the representation of Hotels.com, a different entity who was advised by the stratosphere that stratosphere would be collecting an additional $5. Sure. But what you were taken in by was not Hotels.com's conduct. It was the stratosphere's conduct in excluding this mandatory fee from an advertised room rate. You know, what is the price of something? The price of something is what you pay, not what is advertised plus $5. Well, you usually pay, and you see this a million times on Internet sites, you pay the base amount plus taxes, fees, and other charges. That's what it often says. Well, I think taxes are. And so, you know, I say, okay, taxes. We say, okay, well, the government, I know they're going to charge me taxes. But they often say fees and other charges. Well, then I would say that that person is, if they were in Nevada, is doing that in Nevada, they're violating the Nevada Consumer Protection Act. And that would include shipping and handling. I open up Parade Magazine on Sunday, and for $19.95, I can buy some new product. In fact, I get two of them. And I just have to pay $19.95 plus shipping and handling. It turns out that shipping and handling turns out to be about $7 or $8. It turns out to be a substantial percentage of the cost of the item. Right. And in that situation, you're paying for a service, which is the shipping and handling, which is something completely different than the product. I'm sure if you wanted to go there and pick up the product, you probably could. And you could make those arrangements. Well, instead of you shipping this to me, I'm going to drive to your store and I want to pay just $20 because I don't want to pay the $7 shipping and handling. The Stratosphere doesn't let you do this. It's a mandatory charge. Right. But if it's disclosed, it doesn't make any difference.  Well, I think at the time, you're going to. What's your best theory? If it's disclosed, it doesn't make any difference. You know, with respect to this issue, I think my best argument is the Stratosphere's own defense of this case. You know, I filed my complaint. They filed their answer. They filed motions to dismiss. They filed a motion for summary judgment. I deposed numerous corporate representatives. And every single time, I have argued that this is deceptive. This is misleading. Why did you do this? And that's the most important question in this case. Why did they do this? Because I asked their vice president, did you consider just including this extra mandatory $5 in the advertised price in the room? And he said, yes, we considered it. And I said, well, why did you decide not to do that? And he said, I don't remember. They have yet to set forth throughout this case, which has been going on for years, a legitimate, justifiable explanation for why they excluded this $5 from the advertised room rate. And the answer is obvious. It did it because it's deceptive. It lures customers in. That's the real conduct here. They're luring customers in. Do you have any comparative statistics on other hotels on the Strip who had these rates? Because my guess is, if we had the full discovery in the case, you'd have other hotels say, yeah, we have a fee, too. I will tell you this. When I initially filed this case, there were not a lot of other hotels and casinos that had this fee because I looked into a number of them. I'm not saying the Stratosphere was the only one because it wasn't. I think at the time the Tropicana was. And there might have been a few others. But I know that. Mr. Ryan, we had a time here where we had an energy surcharge on a number of hotels. Does that fall into the same category? I think that it absolutely would. And, in fact, that, as you saw from my brief, that's an issue in this case. It's a completely different issue. That in and of itself is deceptive. You know, $5 of this resort fee is actually an energy surcharge. What's deceptive? Well, you get in a taxi and they have a gasoline surcharge. Is that deceptive also? I'm sorry? You get in a taxi and they say, oh, gas prices are up, so it's a meter plus an extra surcharge for gasoline. Is that deceptive? I don't think that the – it would be deceptive if outside the cab it says, we'll take you to the airport for $20. And then when you get in, they say, well, it's not really going to be $20. It's $20 plus three. That would be deceptive. If they quoted you their price and it did not include that surcharge, then, yes, that would be deceptive. And I'm not – I'm not asking this for – I don't really care what their contract with Hotels.com says. That, as far as I'm concerned, that's got nothing to do with respect to their conduct towards their guests, which is what's at issue here in this case. Right. But I'm just saying, it appears to be a contract. It's a pretty standard contract. And so one would assume that this is a standard provision that Hotels.com – I haven't seen that in the record, but it's a fairly standard provision that Hotels.com has with a lot of folks. I'm not – I'm not real sure about that, Your Honor. I will tell you this. I think that if we lose here today, you probably will expect to see a lot more of those – of those hidden fees. Because that's – that's really what it is. There's a – there's a mandatory baggage handling fee that's required when 10 or more people – 10 or more rooms arrive at the hotel at the same time. I mean, there's a lot of fees in there. There are a lot of fees in there. And if they start – and if they charge those fees to my clients, that would be part of our case. I'm not – You have never sued Hotels.com. Is that right? No, I did not sue Hotels.com. And if you sued Hotels.com and they were told by Stratosphere that there is an additional surcharge for the resort fee, what's your explanation as to why you don't think Hotels.com would be liable? You know, I'm not saying that Hotels.com wouldn't be liable. I'm, you know, speaking practically. I've got some issues with respect to class certification that I'm going to have to deal with. And in doing so, I can't really afford to go after every single different hotel – online hotel vendor that's out there. Or else I'm going to have, you know, 34 different defendants. Could I have sued Hotels.com? Yes, absolutely. I think that I could have. I chose not to as a litigation decision. Are there any other online providers like Hotels.com or Expedia that do advise their clients of a surcharge being charged at the site? I don't know the answer to that. You'd probably have to ask the Stratosphere. Is the Stratosphere still charging a resort fee today? To my knowledge, they are. Have you looked at Hotels.com to see whether they're advising you of it? Not recently. I know that I did look, I think, maybe a couple years ago. And they were? They were advising. They were advising. Now, at the time that my clients purchased it, they were not advised of it, but they were a couple years ago. And if Hotels.com had advised your clients at the time that they purchased their rooms, would that be deceptive? Do you still have a case? Yes, absolutely. So by advising you, by Hotels.com advising you of the resort fee that will be collected by the Stratosphere, they haven't eliminated any of the deceptive practice? No. Now, are there situations where, you know, you have to look at every case as it came up. You know, if it said rooms at the Stratosphere, $25, and then in big blinking lights to the side it says plus $5 resort fee, I'm going to have a much. Why are you adding these blinking lights and things like this to it? I mean, I know we're in Vegas, but why does it make any difference as long as it's disclosed to the consumer? I mean, it may be big print, small print, whatever. But I mean, if it's disclosed to the consumer, then you really don't have an argument. If the consumer understands what the price of the hotel room is, total price, then what's your argument? Well, practically speaking, they don't. They never actually see that. But in this case, I think there's a point that maybe Judge McCune is asking about. You didn't have the Stratosphere saying your room is $25 and then not disclosing that resort fee. What you have is Hotels.com saying this room is $25, and they've been told by Stratosphere that there's a resort fee of $5. So Hotels.com decides what they're going to put on as a price point, right? I guess what I say, Your Honor, is it was deceptive to exclude a mandatory fee from an advertised room rate. That doesn't make any sense. That is misleading under the statute. We all know why they do it. They haven't told us why they do it, but we all know why they do it, because they're misleading these consumers. It's a bait-and-switch. It's a classic bait-and-switch which has been actionable under the law of this country for the last 200 years. You're down to about two and a half minutes, Your Honor, reserved for rebuttal. Please. Good morning. May it please the Court, Todd Bice on behalf of Stratosphere Court. Let me begin by addressing a couple of points that were just raised, and then I will turn directly to my direct argument. I think we're hearing some inconsistency with respect to this, because when you confront them about the cab scenario, he says it's not misleading as long as they're told about it when they get into the cab. But when it comes to the Stratosphere, it's suddenly, even if they're told about it, well, now it's misleading because it's a mandatory fee and it has to be included in the room rate. There's a reason it's not included in the room rate. It's not for the room. The room is a certain price. You can't get the room without the resort fee, can you? That is absolutely the case, except for if you're a customer and you can convince them that you're not going to use any of the amenities, the staff does have the discretion, and that's in the record, to not charge or to waive the resort fee for you. But isn't that a $3 of the $5 as an energy fee? That's not accurate, Your Honor. The energy fee was eliminated, and then there was a resort fee. Right, but the resort fee encompasses the energy fee, at least what I read in the record. Well, I disagree with that characterization. I think that's the plaintiff's argument. I don't think it really matters. But the point is, is that the testimony from the witnesses was the energy surcharge was eliminated and it was replaced with the resort fee. Right. How do you convince somebody you're not going to use electricity, is my point. You said if you could persuade the staff you're not going to use the facilities. Well, Your Honor, I didn't. What I said is if you could persuade them that you're not going to use the amenities that the resort fee gets you, the resort fee has specified various amenities to it, discounted show tickets, discounted reservations at some of the restaurants, free access to the observation deck up at the top of the stratosphere, which is traditionally $10. Well, what if you're not as smart as all these University of Nevada, Las Vegas students, and you show up, you fly to Las Vegas. Yes. Okay. You've paid a nonrefundable fee to Hotels.com. Is that correct? Correct. Okay. So you get there and then they say, oh, and there's an additional $25. Right. So they kind of got you over the barrel. You can't go stay at some other hotel without the resort fee because you've got money down the tubes, right? Correct. So that's really his point is that the deception is this add-on fee that you really – that is really an adhesion contract at that point, isn't it? No, because – Because now you're saying, oh, but I can negotiate out of it. No, because if those are the narrow facts that are presented, which are very narrow in this case, and I will address that momentarily, but if those are the narrow facts, your grievance is with Hotels.com, the party from whom you purchased the room. We sell those rooms to Hotels.com and they sell them. We don't get that money. But, you see, that might be your view as the hotel, but I'm the consumer. What I'm buying, when I put my money down on the Internet, is I'm buying the right, I think, to go to that hotel room for $159 or whatever it is per night. That's what I think I'm buying. And I know when I get there that your hotel is going to let me in because I have this piece of paper that says I paid $159. So from the consumer's point of view, they've bought a right to stay at Stratosphere. They haven't bought something from Hotels.com. I disagree with that. They know exactly where they bought that room. They know exactly who they gave the credit card number to. But they have a ticket, so to speak, to stay at your hotel. That's right. They have a ticket to stay at our hotel for that room. And then I show up there and then you say, you know what? Your ticket really isn't any good unless you add $25 to it. Well, your ticket isn't any good because your ticket isn't any good Hotels.com was obligated to tell you. And if they didn't and you have a grievance about their advertised rate, this is the other misnomer here. We don't tell them what rate they have to charge. They can include that $5 in their rate if they want to. That's up to them. The point here is that they charge their rates. They collect the money from these customers. They were obligated to inform the customers about the resort fee, just like they're obligated to tell them about taxes, just like they're obligated to tell them about other service charges. They were obligated to tell them about this one. And the fact that they didn't arises in this case due to a very narrow circumstance. The narrow circumstance is this. We implemented the resort fee. We implemented that effective June 1. We were sending out contracts and notices to people back in May. These two plaintiffs booked rooms in May for a stay in August. So they booked rooms before the policy existed for a stay that after the policy existed. And this is ship passing in the night. The contract went to hotels.com. Did you offer to reimburse them for their money? I'm sorry? Did you offer to reimburse them for that money? No. But they never – there's no evidence that – That's kind of amazing to me. Well, there's absolutely no evidence that they asked for that. Let me get this straight. They booked at one – they booked when there wasn't a fee and you imposed the fee later. No. We booked for – they booked for a stay.  When there wasn't a fee. But hotels.com had already been noticed that for any bookings after July or June 1, there would be a resort fee. They just failed to tell them about it because there was like a four-day window between the date that they booked with hotels.com and when – because hotels.com already had that information and four days later they booked. Because hotels.com hadn't gotten around yet to putting it up on their website. We wouldn't be here but for the fact that hotels.com didn't get it up on their website. That's all. So why didn't you just have a claim over against hotels.com? Why would we have to sue hotels.com? They're the ones who have the contract with hotels.com. Actually, you have an indemnity agreement with hotels.com. Exactly. No, I mean you can sue for indemnity. Have you claimed indemnity? We could. But – The answer is no, you haven't claimed indemnity. I said did you claim indemnity and you said we could. Is it yes or no? I apologize, Your Honor. No. Okay. We have prevailed. Here we are, the missing person is in the room. You say they should have sued them. They say, well, you can get indemnity from them if we do. Okay. But they don't have any claim against us is the point. That's our point here. We did not advertise anything to them which they claim is deceptive. They have sued for two causes of action. One, deceptive trade practices, which under Nevada law focuses upon false advertising. All right? Let me ask you a question about that if I might. And this isn't in the briefs, but I noticed in the contract there was a provision saying you don't have a right to – hotels.com doesn't have the right to do any advertising. And that's stricken specifically. Everybody initials that, implying to me that hotels.com does have the right to extend advertising from your hotel. Now, if that's so, I mean, just bear with me for a minute. If that's so, wasn't there at least an advertising claim that would flow through if you'd given hotels.com the advertising permission? Because I don't believe, Your Honor, and I apologize, I'm not sure what provision you're looking at. I'm looking at provision 11. I don't believe that there's any evidence in the record that says that striking of that was designed to allow them to advertise on our behalf. They may very well advertise Stratosphere, and they may very well promote it on their website, but when it comes to the rates, the contract expressly says they are obligated to disclose the room rate, the resort fee. And they are obligated to advertise the room rate. Did hotels.com have the capacity of charging the room – the resort fee, including that in the advertised price on hotels.com and then paying the fee to Stratosphere? Is there a mechanism for doing that? I don't believe there's anything in the record that would establish that that's the case, but there's nothing that says that they can't. They obviously would have to remit that to us, but there isn't anything in the record that says that one way or the other. Well, to get back to my prior question, on the notice to hotels.com, it says, please advise your guests of this resort charge prior to their arrival. It doesn't say they're obligated to disclose the fee in their advertising or otherwise. And it seems to imply once you book, then you tell them about the fee. You should tell them. It says please tell them. It's not an obligation. It says please tell them. Well, Your Honor, I have to respectfully disagree with you. If I'm hotels.com, and I know that these customers are going to buy rooms from me, and they're going to get there and they're going to be charged additional money, and I know those facts, and I do know them, as you just said, I have to inform them of them. I'm advertising this rate. I'm selling them the right to use a room at X dollars, and I know for a fact that they'll have to pay X dollars plus $5 for these other amenities when they get there, and they're mandatory. Except the choice of words was odd because it didn't say tell them before they book. It says tell them before they arrive. Okay. I don't believe I don't believe that that somehow makes us responsible if they don't tell them before they book. That's up to them how they want to conduct their. We don't know. But we started when you said they were obligated to tell them contractually. I just read you the language. I don't think there's any contractual obligation on the part of hotels.com in your contract that says they have to tell me. I disagree with all due respect. I have to disagree. I understand that. I understand what you're reading. What I'm saying is if they know that those customers are going to be charged that rate in advance, they are obligated to tell them in advance. It's a common sense approach. I don't I don't have to look at any precise language. And they can say, well, you don't. I would agree that they should. I'm your argument. And maybe maybe I read too much. If it was that they had a contractual obligation to you to disclose it. And all I see is please tell them before they arrive, which is not the same. Well, I think I think. And I guess my best answer to that is I think you're trying to use very precise words when the thought and what the intent of the contract. Well, I understand that. But the intent of the parties and some common sense also applies to any contract, as does the duty of good faith and fair dealing under Nevada law. So you think they're a breach of contract by not telling them each of this contract? Do I believe that they would be had they not if what they are alleging is true, that they didn't tell them? Yes, I believe that they would. Well, do you have any evidence that they did disclose this? Because we have the papers they received today. Was it disclosed? We we have assumed that they did not disclose it for a short period of time after they were on notice. That has been our assumption. There has been no evidence that they didn't present any evidence. The plaintiffs didn't that they hadn't disclosed it here. I hear is a copy of their Web page from the time frame. They did no discovery with respect to hotels. They just simply said it wasn't disclosed. We have accepted that premise is true for purposes of this case because it was a very narrow window of when it was supposedly wasn't disclosed, as they have acknowledged. Subsequently, it was disclosed. Well, the contract also says the roommates don't include a three dollar per night energy surcharge, which will be billed as incidental. And it says this fee is subject to change without notice. I believe I believe there is an addendum later on to this contract. But I mean, there was a fee in there that you said you could change increase without notice. All right. Well, here are. And if we did that and no one got notice, well, then there might be something to complain about. But that's not this case. This case here arises from, as I've said, a very narrow factual circumstance. So we told them about it. They were supposed to. They didn't get it up on their Web page in time due to the fact that they booked within just four days of getting the notice. So the fee is subject to change without notice. And the rest of the case is the same, just for a stay that occurred after the fee went into effect. I think harkening back to Judge McKeon's observation that perhaps some discretion could have been exercised to get back the 20 bucks. Well, you know, and then that we wouldn't be here, either. You're right about that. Except there wasn't any beef about it. We got sued. There's no. So my knowledge is you have to file a defense and then argue the motion and go to the Ninth Circuit for every case. I mean, that doesn't make any sense. Your Honor, I must you must misunderstand what I'm saying is I believe there is no evidence in this record that they sent us any letters. And there's lots of evidence in the record that when we do have people who complain about it, that we've issued them refunds. We've given them credit for future stays, whatever. I don't believe there's any evidence in this record that these two plaintiffs ever said boo about this until we were served with a complaint. Okay. But then once you were served with the complaint, did that obligate you to go through the full legal process? Or did you still have some option to deal with this in a common sense way? It was filed as a purported class action. And when a purported class action gets filed, the only way it can be resolved is with the court's permission. So this is a case that's going to happen. So that's no answer at all. You could ask the court's permission. To pay these two people their $20 as a settlement of a class action? I'm not telling you what. I'm not giving you legal advice, but I'm just saying. Well, the allegation has been made that this was deceptive. We know it was not deceptive, especially as it pertains to us. And the company is going to defend itself against those charges. There is nothing here that Stratosphere did that deceived these people at all. They admitted that under oath repeatedly at their depositions. They acknowledged repeatedly. They actually came to the hotel. Their original story was no one ever told us about this. Then we presented the documents at their deposition that proved that that was just untrue. They had, in fact, signed documents and initialed right next to the court fee. One of them did. One of them had. Well, the other didn't. Well, the other one didn't because the other one didn't sign anything. His girlfriend did. And she's not a plaintiff in the lawsuit. So the point here being is. Do you rely on that document that they signed when they arrived as basically being some kind of an acceptance or a contract to pay that resort fee? Well, it is a contract to pay it. It says it right in the bottom that this is they are acknowledging the rate, they are acknowledging the resort fee, and they are acknowledging if they stay late or if they incur any other charges or if they do any damage, that they are authorizing us to charge their credit card for all those events. Is that kind of the over-the-barrel thing? I mean, they're here in Las Vegas. They're at the hotel. They don't really have much choice at that point, do they? Well, they don't under this narrow fact where they say they didn't know about it. Yes, they themselves. But, again, if they have a beef about that they didn't know about it at that point in time, they don't know they didn't know about it because of hotels.com. It's not because of us. Had they booked through our webpage? Had they talked to any of our personnel and we didn't disclose it? Then they would have a grievance with us. And I acknowledge that. But that's not what happened here. They need to take it up with hotels.com. I see my red light is on. Any further questions? Does the Court have any further questions? No. Thank you very much for your time. Thanks for your time. Once again, what I found remarkably missing from the strategist's argument was any explanation for why this isn't deceptive or misleading. Well, I think the explanation was that they provided the information to hotels.com and then hotels.com was obligated to. That's their version of my case. My case is you cannot exclude a mandatory charge from the advertised room rate. And they still have not come forth with an explanation. But they haven't done any advertising. At this point. I think they have disseminated the advertisement. By setting a room rate and intentionally excluding this fee, which, you know, despite what might have been discussed here. Could we stop there one point? Because as I read the papers, the room rate is actually set by hotels.com, correct? That's right. But the exclusion. But the room rate is not set by the hotel. Right. The exclusion. So how can the hotel be responsible for a room rate it didn't set and it didn't advertise? The exclusion of the resort fee is set by the hotel, not by hotels.com. It was stressed. Hotels.com is obligated under the contract to collect certain charges and to advise the client of charges. Was your client advised of the charges for example, for portable beds and refrigerators and things like that? There wasn't any testimony. Okay. Were they charged? Were they given? Were they charged? I'm sorry. Were they advised of the gratuity charge on baggage handling? There's no evidence of that. Were they told about the applicable taxes? Was that collected by hotels.com or was that collected by the stratosphere? The taxes are collected by hotels.com. Were they told no pets were permitted? I have no idea. You don't know what they were told? Sitting here right now. Yeah. I don't know. Nobody ever asked him specifically were you told whether or not you could bring pets. Do you have any documentation that says what they were told? No. Why did hotels.com collect taxes? I mean, you just ordinarily expect to pay a hotel tax, which is generally much higher than your sales tax, when you go to any city. So why was hotels.com collecting the tax? I think they're probably obligated to. Okay. Are you telling me that you think that they are or that you know that they are under the contract? I know that the contract is almost irrelevant to that issue because that is set by, in this case, probably Clark County with respect to their municipal tax ordinance. It is disclosed. It's in paragraph 4. I'm sure that Clark County is, I think, that hotels.com is obligated to collect those taxes. In fact, I think there's been some litigation about that recently. I've got one closing statement. I think that this is sleazy. Their own guests think that this is sleazy. Maybe you disagree with me, but I think I'm entitled. I've come forth with enough evidence. I think I am entitled to present this case to a jury. I think this is a jury determination whether what the stratosphere did here was misleading. Thank you, counsel. The case is here to be submitted for decision.
judges: Thomas, McKeown, Bybee